UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.:

WILLIAM D. AUGSBURGER,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, WILLIAM D. AUGSBURGER, by and through the undersigned attorney, and files this Complaint stating causes of action against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, and alleges as follows:

1. This is an action for recovery of benefits under employee welfare benefit plans brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, WILLIAM DEAN AUGSBURGER, is an adult resident citizen of Henry County, Indiana.

3. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA (hereinafter Defendant or "LINA"), is a foreign corporation authorized to do business and actually doing business within the Middle District of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 28 U.S.C. § 1331.

## COUNT I – BREACH OF CONTRACT

5. Plaintiff and/or his employer, Cygnus Home Service, LLC, purchased through his employer a contract of salary continuance insurance including long term disability (LTD) benefits (hereinafter "the LTD Plan").

6. At all times material to this Complaint, the LTD Plan was in full force and effect and Plaintiff was an LTD Plan participant.

7. Defendant, LINA, is in possession of all master LTD Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret LTD Plan provisions and is an LTD Plan fiduciary, or alternatively, is an LTD plan fiduciary without discretion to interpret LTD Plan provisions.

9. On or about July 17, 2019, Plaintiff became totally disabled from his past employment as defined by the LTD Plan, due to cervical problems, sprain of the joints and ligaments, osteoarthritis of the right knee, polyarthralgia, fatigue, myalgia, stomach problems, arm problems, and other exertional and non-exertional impairments.

10. Plaintiff made a timely application for disability benefits under the LTD Plan.

11. Defendant initially approved Plaintiff's claim for LTD Plan benefits.

12. On or about January 5, 2022, Defendant or its agents terminated Plaintiff's claim for LTD Plan benefits beyond January 14, 2021.

13. Plaintiff appealed said denial of benefits on or about June 30, 2022.

14. On or about December 2, 2022, Defendant or its agents upheld the termination of Plaintiff's claim for LTD Plan benefits beyond January 14, 2021.

15. Plaintiff continues to remain totally disabled from employment, as defined by the Plan, due to cervical problems, sprain of the joints and ligaments, osteoarthritis of the right knee, polyarthralgia, fatigue, myalgia, stomach problems, arm problems, and other exertional and non-exertional impairments.

16. Plaintiff has exhausted all administrative levels of appeal and has complied with all conditions precedent to this action.

17. Each of the Defendant's denials of Plaintiff's claims for LTD Plan benefits constituted abuse of Defendant's discretion under the LTD Plan and derogated Plaintiff's right to disability benefits under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all LTD Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: December 15, 2022                /s/ *Nick A. Ortiz*
                                        Nick A. Ortiz, Esq.
                                        FL. Bar No.: 12699
                                        Ortiz Law Firm
                                        316 S. Baylen St., Ste. 590
                                        Pensacola, FL 32502
                                        (850) 308-7833 (T)
                                        (850) 208-3613 (F)
                                        nick@nickortizlaw.com
                                        Attorney for Plaintiff